**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MERDAN MASHARIPOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1614-J** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Merdan Masharipov, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents moved to

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner filed his petition on a § 2254 form. This appears to be a mistake as both Petitioner and Respondents assert that Petitioner "is in immigration custody" not state custody. *See* Doc. 7, at 8; *see also* Doc. 1, at 8 ("I have been in ICE custody for a year now. Since 06/20/2025."). So the undersigned finds that § 2254 does not apply in this case.

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

dismiss the petition, Doc. 7, and Petitioner responded to the motion, Doc. 8. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Respondents' motion to dismiss and grant Petitioner's habeas petition in part by ordering Respondents to provide Petitioner with a bond hearing within ten days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner is a citizen of Turkmenistan who entered the United States on December 2, 2017, on a nonimmigrant visitor visa that expired June 1, 2018. Doc. 7, at 2 & Ex. 1. The Department of Homeland Security (DHS) placed him in removal proceedings on October 23, 2018, through the issuance of a Notice to Appear. *Id.* Ex. 1. DHS charged Petitioner under § 237(a)(1)(B) of the Immigration and Nationality Act (INA) with "remain[ing] in the United States for a time longer than permitted." *Id.*

Texas authorities arrested Petitioner for assault on June 18, 2025. *Id.* Ex. 4, at 2. On June 20, 2025, Immigration and Customs Enforcement (ICE) arrested Petitioner and decided to detain him pending his removal hearing. *Id.* Exs. 5, 6. Petitioner requested that an immigration judge (IJ) review the custody determination. *Id.* Ex. 6. Petitioner later withdrew that request. *Id.* Ex. 7.

On October 3, 2025, an IJ issued a decision in Petitioner's removal proceedings. *Id*. Ex. 2. The IJ ordered Petitioner removed to Turkmenistan. *Id*. at 1, 3. The IJ also denied Petitioner's requests for asylum, and deferral and withholding of removal under the INA and the Convention Against Torture. *Id*. at 1. Petitioner appealed the decision and the appeal remains pending. Doc. 7, at 2 & Ex. 3; *see* Doc. 1, at 6, 12.

Respondents have filed a motion to dismiss, arguing the petition fails to state a claim. Doc. 7. Liberally construing the petition, Petitioner claims he has been in custody since June 2025 and seeks release from custody with an order of supervision. Doc. 1, at 5, 8, 14; Doc. 7, at 4. In his reply, Petitioner states he "currently is asking the court for a bond hearing in light of his continued detention in violation of Fifth Amendment right." Doc. 8.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### III. Discussion.

#### A. Petitioner is entitled to a bond hearing.

Respondents assert Petitioner fails to state a claim. But it is apparent that Petitioner is requesting release from detention. Doc. 1, Doc. 8. He could obtain release through a bond hearing, and he requests that the Court grant him a hearing. *See* Doc. 8; *see also* 8 U.S.C. § 1226(a)(2). The Court should grant Petitioner's request for a bond hearing and reject Respondents' argument that Petitioner has failed to exhaust his administrative remedies. *See* Doc. 7, at 9-10.

Federal regulations permit a noncitizen detained under 8 U.S.C. § 1226(a) to request a bond hearing before an IJ at any time prior to the entry of a final order of removal. *See* 8 C.F.R. § 236.1(d)(1) ("After an initial custody determination . . . the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to . . . release the alien, and determine the amount of bond, if any, under which the respondent may be released."); *see also* 8 C.F.R. § 1003.19 (providing

framework for requesting a bond determination).[3] However, they are not required to request a bond hearing before pursuing § 2241 habeas corpus relief. *See, e.g., Salvador F.-G. v. Noem*, No. 25-CV-243-CVE-MTS, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies." (citing 8 U.S.C. § 1226)). And while "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief" in general, neither the statutory language of § 1226 nor the habeas statute "expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). So the Court should reject Respondents' exhaustion argument and deny the motion to dismiss.

Petitioner is eligible for a bond hearing under § 1226. So the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days, or otherwise release Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing district court to order the government to provide the petitioner a

---

[3] Even if Petitioner had not withdrawn his request for a custody redetermination, any request in November 2025 would have been futile. On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedent decision, binding on all immigration judges, holding that an immigration judge has no authority to consider bond requests for any person who is in the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### B. The Court should decline to address any remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address any remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## IV. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Court deny the motion to dismiss, Doc. 7, and grant the petition in part, Doc. 1. The Court should order Respondents to provide a bond hearing to Petitioner

within ten days or otherwise release Petitioner. The undersigned also recommends that the Court order Respondents to certify compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 7, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[4] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE