**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MERDAN MASHARIPOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1614-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Merdan Masharipov, a Turkmenistan citizen, filed a Petition for Writ of Habeas challenging his detention with United States Immigration and Customs Enforcement (ICE). [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents moved to dismiss arguing that Petitioner failed to state a valid claim for relief or exhaust his administrative remedies. [Doc. No. 7]. On review, Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) deny Respondents' motion to dismiss, (2) grant the Petition in part, and (3) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release him. Judge Mitchell also recommends that Respondents be ordered to certify compliance within ten business days. (Rep. & Rec.) [Doc. No. 9]. Respondents filed a timely objection (Obj.) [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object, waiving de novo review. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Petitioner entered the United States in December 2017 and overstayed his visa. In October 2018, he was served with a Notice to Appear and placed into removal proceedings. Then in June 2025, ICE detained Petitioner and he remains in custody. Exercising liberal construction, Judge

Mitchell concluded that while Petitioner's Petition sought "release[] from ICE custody with an order of supervision," [Doc. No. 1 at 14], release could occur through a bond hearing, which Petitioner noted in his reply. *See* Rep. & Rec. at 4. Judge Mitchell also rejected Respondents' exhaustion argument. *See id.* at 5-6. Having determined that Petitioner is detained under 8 U.S.C. § 1226(a), Judge Mitchell ultimately found that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See id*. at 4-5.

Respondents object to Judge Mitchell's liberal construction and her exhaustion determination but they concede that Petitioner is detained under § 1226(a). [Doc. No. 10]. On de novo review, the Court ADOPTS the Report and Recommendation. Judge Mitchell liberally construed the Petition to seek release, which could include release through a bond hearing. Petitioner clarified that position in his reply. This Court interprets the Petition in the same manner. And "[d]istrict courts in this circuit have consistently found exhaustion unnecessary for non-citizens challenging detention under § 1226(a)." *Bangemu v. Gantt*, No. CIV-815-D, 2026 WL 2323601, at *3 (W.D. Okla. July 30, 2026), *adopted*, 2026 WL 2329865 (W.D. Okla. Aug. 11, 2026); *Repela v. ICE Field Off. Dir.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) ("[E]ven though a noncitizen detained pursuant to § 1226 may request a bond hearing, they are not required to do so before they can pursue § 2241 habeas relief.").

There is no dispute that Petitioner is detained under § 1226(a); therefore, his continued detention without a bond hearing violates the INA. Therefore, the Court ADOPTS the Report and Recommendation [Doc. No. 9] on de novo review, DENIES Respondents' motion to dismiss [Doc. No. 7], and GRANTS IN PART Petitioner's Petition in so far as it finds Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing under 8 U.S.C.

§ 1226(a) within ten days or otherwise release Petitioner. Respondents shall certify compliance within ten business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 16th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE